IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PRO PUBLICA, INC.,** | ) ) ) |
| *Plaintiff*, | ) **COMPLAINT** |
| - against - | ) ) |
| **UNITED STATES DEPARTMENT OF EDUCATION,** | ) ) ) |
| *Defendant*. | ) ) ) |

Plaintiff Pro Publica, Inc. ("ProPublica" or "Plaintiff"), by and through its undersigned attorneys, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for declaratory, injunctive, and other appropriate relief to compel the release of documents from Defendant Department of Education ("ED" or "Defendant"). In support thereof, Plaintiff alleges as follows:

## INTRODUCTION

1. Plaintiff ProPublica is an independent, nonprofit newsroom that produces investigative journalism. ProPublica seeks to report on changes within the ED's Office for Civil Rights, including the launch of new investigations and the status of previous resolution agreements.

2. Plaintiff submitted four FOIA requests (the "Requests") to ED for records regarding new investigations of entities or institutions, notifications of terminations of resolution agreements, and communications with specific private groups. The information would help the public to better understand the changes to the ways the ED is handling discrimination cases. *See* Exhibits A-D.

3. ED's Office for Civil Rights ("OCR") has the authority to investigate complaints of discrimination at schools, colleges, or other institutions. ED has historically maintained a database

of pending cases under investigation, but that has not been updated since January 14, 2025.[1] The public has no way of knowing what work ED is doing on behalf of students experiencing discrimination at schools. Since January 20, 2025, ED has also taken the unusual step of reversing some previous resolution agreements. Although the agreements are available online, the public has no way of knowing if the agreement has been nullified.

4. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

5. ED has failed to comply with its obligations under FOIA. As of the date of this filing, ED has merely acknowledged Plaintiff's Requests but has failed to produce a single document.

6. ProPublica brings this action to compel ED to immediately process and release to ProPublica all responsive records that it has unlawfully withheld.

## PARTIES

7. Plaintiff ProPublica is an independent, nonprofit newsroom. Its mission is to expose abuses of power and betrayals of the public trust by government, business, and other institutions, using the moral force of investigative journalism to spur reform through the sustained spotlighting of wrongdoing. With a team of more than 150 editorial staffers, ProPublica covers a range of topics including government and politics, business, criminal justice, the environment, education, health care,

---

[1] Department of Education Office for Civil Rights, *Pending Cases Currently Under Investigation at Elementary-Secondary and Post-Secondary Schools*.

2

immigration, and technology. ProPublica is a 501(c)(3) corporation headquartered in New York, New York.

8. Defendant Department of Education is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). ED was established in 1980 with the promise of improving educational outcomes for America's students. ED has possession and control over the documents and information requested by Plaintiff.

## JURISDICTION AND VENUE

9. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. §§ 701-706, and 28 U.S.C. § 1331.

10. Venue in the Southern District of New York is proper under 5 U.S.C. § 552(a)(4)(B) because ProPublica has its place of business in New York City within this District.

## FACTUAL BACKGROUND

11. In March of 2025, ED closed more than half of its Office for Civil Rights locations.[2] OCR had been one of the federal government's largest enforcers of the Civil Rights Act of 1964, investigating thousands of allegations of discrimination each year. Since President Trump took office, the focus of the OCR has shifted to investigations relating to curbing antisemitism, ending participation of transgender athletes in women's sports, and combating alleged discrimination against white students.[3]

12. OCR previously published a list of institutions under investigation, which was updated weekly. However, this list has not been updated since January 14, 2025. The public

---

[2] Jodi S. Cohen & Jennifer Smith Richards, *Massive Layoffs at the Department of Education Erode Its Civil Rights Division*, ProPublica (Mar. 12, 2025), https://www.propublica.org/article/education-department-civil-rights-division-eroded-by-massive-layoffs.
[3] *Id*.

3

therefore has no way of knowing what schools are under investigation or what the Office for Civil Rights is doing on behalf of students experiencing discrimination.

13. OCR provides the public with access to its resolution agreements.[4] These agreements reflect ED's efforts to ensure compliance with laws regarding discrimination on the basis of race, national origin, sex, disability, or age, as well as with the Boy Scouts of America Equal Access Act, which addresses equal access to school facilities and certain other youth groups.

14. The Trump Administration has reversed some of the ED's previous resolution agreements. Although the initial agreements are available online, there is no way to tell whether the ruling has subsequently been nullified.

15. Under Secretary McMahon, ED is committed to "return[ing] education to the states and empower[ing] parents in their child's education."[5] It is increasing funding for charter schools, urging states to expand education choice programs, and providing guidance on how local agencies might provide equitable services for students in private schools.

16. Secretary McMahon has met with groups such as Moms For Liberty[6] and the Heritage Foundation.[7] The public is entitled to know what communications ED has had with these and similar groups and how those groups may be influencing policy.

17. ProPublica's Requests seek documents regarding: 1) information and notifications of new investigations; 2) notifications of resolution agreements being terminated; and 3) communications between ED and four specific outside groups. *See* Exhibits A-D. The public

---

[4] Department of Education Office for Civil Rights, Office for Civil Rights Recent Resolution Search, https://ocrcas.ed.gov/ocr-search.
[5] Department of Education, *President Trump's First Year: Education in America*, https://www.ed.gov/about/initiatives/president-trumps-first-year-education-america.
[6] Rev, *McMahon and Moms for Liberty On Parental Rights,* https://www.rev.com/transcripts/mcmahon-and-moms-for-liberty-on-parental-rights.
[7] Zach Blackburn, *McMahon to visit Colts neck school with conservative groups, sparking anger*, New Jersey Globe (Dec. 4, 2025), https://newjerseyglobe.com/education/mcmahon-to-visit-colts-neck-school-with-conservative-groups-sparking-anger/.

4

interest in this information is substantial and ongoing. Since there are approximately 49.6 million students in the U.S., changes to the ED and its policies affect millions of families.

## PLAINTIFF'S FIRST FOIA REQUEST

18. On February 20, 2025, ProPublica submitted a FOIA Request to ED for letters sent since January 20, 2025 on behalf of the Office for Civil Rights that serve as notification to an entity or institution of an investigation (the "First Request"). *See* Exhibit A.

19. ProPublica sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). It explained that it qualified for a fee waiver because of its role as a nonprofit news organization. *See* Exhibit A.

20. ED's response was due within 20 business days of the Request, i.e., by March 20, 2025.

21. On February 27, 2025, ED acknowledged the Request and assigned it number 25-02578-F. *See* Exhibit E. ED noted that the current average processing time is 185 business days.

22. As of the filing of this Complaint, ED has not responded to the First Request. ProPublica has not received the requested records from ED. Nor has it received any other substantive reply to its Request.

23. Because ED has not complied with the statutory time limits set forth in the FOIA statute, *see* 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## PLAINTIFF'S SECOND FOIA REQUEST

24. On July 22, 2025, ProPublica submitted a second FOIA Request to ED, for records sufficient to show Office for Civil Rights complaints or investigations opened and/or closed from January 20, 2025 to the date of fulfillment of the Request (the "Second Request"). *See* Exhibit

5

B. The Second Request also asked for the name of the institution being investigated; the state where the institution is located; the type of institution; the type of discrimination being investigated; the date the investigation was opened; the date the investigation was closed; and the resolution type, if applicable.

25. ProPublica sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). It explained that it qualified for a fee waiver because of its role as a nonprofit news organization. *See* Exhibit B.

26. ED's response was due within 20 business days of the Request, i.e., by August 19, 2025.

27. ED acknowledged the Second Request on July 23, 2025, and assigned it number 25-04451-F. *See* Exhibit F.

28. On August 19, 2025, the date its response was due, ED sent an email stating that the Request is still being processed and that the average processing time is 185 business days. *See* Exhibit G.

29. As of the filing of this Complaint, ED has not responded to the Second Request. ProPublica has not received the requested records from ED. Nor has it received any other substantive reply to its Request.

30. Because ED has not complied with the statutory time limits set forth in the FOIA statute, *see* 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## PLAINTIFF'S THIRD FOIA REQUEST

31. On July 22, 2025, ProPublica submitted a third FOIA Request to ED, for records dating back to January 20, 2025 sufficient to show communications from the Office for Civil

6

Rights to school districts or institutions of higher education that include a notification that a resolution agreement is terminated (the "Third Request"). *See* Exhibit C.

32. ProPublica sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). It explained that it qualified for a fee waiver because of its role as a nonprofit news organization. *See* Exhibit C.

33. ED's response was due within 20 business days of the Request, i.e., by August 19, 2025.

34. ED acknowledged the Third Request on July 23, 2025 and assigned it number 25-04455-F. *See* Exhibit H.

35. On August 19, 2025, the date its response was due, ED sent an email stating that the Request is still being processed and that the average processing time is 185 business days. *See* Exhibit I.

36. As of the filing of this Complaint, ED has not responded to the Third Request. ProPublica has not received the requested records from ED. Nor has it received any other substantive reply to its Request.

37. Because ED has not complied with the statutory time limits set forth in the FOIA statute, *see* 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## PLAINTIFF'S FOURTH FOIA REQUEST

38. On July 22, 2025, ProPublica submitted a fourth FOIA Request to ED, for all emails sent between January 20, 2025 and the date the Request is fulfilled, to or from Education Department employees Craig Trainor, Rachel Oglesby, or Lindsey Burke and individuals or

groups outside the agency with the following email domains: americafirstpolicy.com, heritage.org, defendinged.org, or momsforliberty.org.  *See* Exhibit D.

39.  ProPublica sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).  It explained that it qualified for a fee waiver because of its role as a nonprofit news organization.  *See* Exhibit D.

40.  ED's response was due within 20 business days of the Request, i.e., by August 19, 2025.

41.  ED acknowledged the Fourth Request on July 23, 2025 and assigned it number 25-04453-F.  *See* Exhibit J.

42.  On August 19, 2025, the date its response was due, ED sent an email stating that the Request is still being processed and that the average processing time is 185 business days.  *See* Exhibit K.

43.  As of the filing of this Complaint, ED has not responded to the Fourth Request.  ProPublica has not received the requested records from ED.  Nor has it received any other substantive reply to its Request.

44.  Because ED has not complied with the statutory time limits set forth in the FOIA statute, *see* 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## CAUSE OF ACTION

**(Violation of Freedom of Information Act)**
**5 U.S.C. § 552(a)**

45.  Plaintiff incorporates the above paragraphs as if set forth fully herein.

46.  ED is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the request and provide a lawful

reason for withholding any other materials as to which it is claiming an exemption.

47.  ProPublica has a legal right under FOIA to obtain the agency records it requested in the four Requests.  There is no legal basis for Defendant's failure to timely respond to Plaintiff's Requests and provide all records responsive to the Requests to Plaintiff.

48.  ED has violated 5 U.S.C. § 552(a)(3)(A) by failing to timely release agency records in response to Plaintiff's Requests.

49.  ED has violated 5 U.S.C. § 552(a)(3)(C)-(D) by failing to make reasonable efforts to search for records responsive to Plaintiff's Requests.

50.  5 U.S.C. § 552(a)(4)(B) authorizes the grant of injunctive relief to Plaintiff because ED continues to flout FOIA and improperly withhold agency records.  Because ED's refusal to respond to ProPublica's Requests impedes ProPublica's ability to fulfill its mission of educating the public about the operations of the government, ProPublica will continue to suffer irreparable injury from ED's withholding of government records responsive to its Requests.

51.  Section 2201 of title 28 of the U.S. Code authorizes declaratory relief because an actual and justiciable controversy exists regarding ED's withholding of agency records in violation of FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, ProPublica respectfully requests that the Court:

A.  Declare that the records sought in the First Request are public under 5 U.S.C. § 552 and must be disclosed;

B.  Declare that the records sought in the Second Request are public under 5 U.S.C. § 552 and must be disclosed;

C. Declare that the records sought in the Third Request are public under 5 U.S.C. § 552 and must be disclosed;

D. Declare that the records sought in the Fourth Request are public under 5 U.S.C. § 552 and must be disclosed;

E. Enter an order requiring Defendant to undertake an adequate search for and immediately release any and all responsive and not otherwise exempt records to Plaintiff;

F. Award Plaintiff its reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

G. Grant such further relief as the Court may deem just and proper.

Dated: New York, New York
February 25, 2026

Respectfully submitted,

*/s/ Alexandra Perloff-Giles*

Alexandra Perloff-Giles
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
212-402-4043
alexandraperloffgiles@dwt.com

Thomas R. Burke (*pro hac vice* forthcoming)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
415-276-6500
thomasburke@dwt.com

*Counsel for Plaintiff ProPublica, Inc.*