JAY CLAYTON
United States Attorney for the
Southern District of New York
By:  SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:  (212) 637-2677
samuel.dolinger@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRO PUBLICA, INC.,

                          Plaintiff,

              -v-

UNITED STATES DEPARTMENT OF
EDUCATION,

                          Defendant.

26 Civ. 1576 (JPO)

**ANSWER**

        Defendant United States Department of Education ("ED" or "Defendant"), by its

attorney, Jay Clayton, United States Attorney for the Southern District of New York, hereby

answers the complaint under the Freedom of Information Act ("FOIA") of plaintiff Pro Publica,

Inc. ("Plaintiff") upon information and belief as follows:

        1.      Denies knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 1.

        2.      Paragraph 2 consists of Plaintiff's characterization of four FOIA requests at issue

in this action (the "FOIA Requests"), to which no response is required.  To the extent a response

is deemed required, Defendant admits that Plaintiff submitted the FOIA Requests to ED,

respectfully refers the Court to the referenced FOIA Requests for a complete and accurate

statement of their contents, and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations regarding the public's understanding of ED's activities.

3. Paragraph 3 consists of Plaintiff's characterization of ED's authority and operations, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the referenced source for a complete and accurate statement of its contents and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations regarding the public's knowledge of ED's activities.

4. Paragraph 4 consists of legal conclusions and quotations from legal opinions, to which no response is required.

5. Paragraph 5 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff submitted the FOIA Requests to ED and that ED had not made a determination regarding the FOIA Requests as of the filing of the complaint in this matter, and avers that ED's search for records potentially responsive to the FOIA Requests is ongoing.

6. Paragraph 6 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, ED denies the allegations in this paragraph and denies that Plaintiff is entitled to the requested relief or to any relief.

7. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8. Paragraph 8 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, ED admits that it is a federal agency and that Plaintiff submitted the FOIA Requests seeking records from ED.

9. Paragraph 9 consists of legal conclusions concerning jurisdiction, to which no response is required.

10. Paragraph 10 consists of legal conclusions concerning venue, to which no response is required.

11. Paragraph 11 consists of Plaintiff's characterization of events as described in a news article, to which no response is required. Defendant respectfully refers the Court to the referenced article for a complete and accurate statement of its contents.

12. The first two sentences in paragraph 12 consist of Plaintiff's characterization of an ED list, to which no response is required. Defendant respectfully refers the Court to the referenced list for a complete and accurate statement of its contents. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding the public's knowledge of ED's activities.

13. Paragraph 13 consists of Plaintiff's characterization of ED resolution agreements and an ED website containing such agreements, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the referenced agreements and website for a complete and accurate statement of their contents.

14. Paragraph 14 consists of Plaintiff's characterization of ED resolution agreements and an ED website containing such agreements, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the referenced agreements and website for a complete and accurate statement of their contents.

15. Paragraph 15 consists of Plaintiff's characterization of an ED website, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the referenced website for a complete and accurate statement of its contents.

16.     Paragraph 16 consists of Plaintiff's characterization of meetings involving the Secretary of Education as reflected in cited sources, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the cited sources for a complete and accurate statement of their contents.

17.     Paragraph 17 consists of Plaintiff's characterization of the FOIA Requests and Plaintiff's characterization of the information sought in the Requests, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the referenced FOIA Requests for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

18.     Paragraph 18 consists of Plaintiff's characterization of the FOIA request submitted by Plaintiff to ED on February 20, 2025 ("First Request"), to which no response is required.  To the extent a response is deemed required, Defendant admits Plaintiff submitted the First Request to ED, and otherwise respectfully refers the Court to the First Request for a complete and accurate statement of its contents.

19.     Paragraph 19 consists of Plaintiff's characterization of the First Request, to which no response is required.  To the extent a response is deemed required, Defendant admits Plaintiff requested a fee waiver as part of the First Request, and otherwise respectfully refers the Court to the First Request for a complete and accurate statement of its contents.

20.     Paragraph 20 consists of legal conclusions, to which no response is required.

21.     Paragraph 21 consists of Plaintiff's characterization of ED's letter dated February 27, 2025, acknowledging receipt of the First Request, to which no response is required.  To the extent a response is deemed required, ED admits that it sent a letter dated February 27, 2025, to

the FOIA requester acknowledging receipt of the First Request and assigning it number 25-02578-F, and respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents.

22.    Admits that ED had not made a determination regarding the First Request as of the filing of the complaint in this matter, but avers that ED sent a letter to the FOIA requester dated March 27, 2025, stating that the request was still being processed, and further avers that ED's search for records potentially responsive to the First Request is ongoing.

23.    Paragraph 23 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that ED had not made a determination regarding the First Request as of the filing of the complaint in this matter.

24.    Paragraph 24 consists of Plaintiff's characterization of the second of the four FOIA requests at issue in this action and the first of three FOIA requests submitted by Plaintiff to ED on July 22, 2025 ("Second Request"), to which no response is required. To the extent a response is deemed required, Defendant admits Plaintiff submitted the Second Request to ED, and otherwise respectfully refers the Court to the Second Request for a complete and accurate statement of its contents.

25.    Paragraph 25 consists of Plaintiff's characterization of the Second Request, to which no response is required. To the extent a response is deemed required, Defendant admits Plaintiff requested a fee waiver as part of the Second Request, and otherwise respectfully refers the Court to the Second Request for a complete and accurate statement of its contents.

26.    Paragraph 26 consists of legal conclusions, to which no response is required.

27.    Paragraph 27 consists of Plaintiff's characterization of ED's letter dated July 23, 2025, acknowledging receipt of the Second Request, to which no response is required. To the

5

extent a response is deemed required, ED admits that it sent a letter dated July 23, 2025, to the FOIA requester acknowledging receipt of the Second Request and assigning it number 25-04451-F, and respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents.

28.     Paragraph 28 consists of Plaintiff's characterization of ED's email regarding the Second Request dated August 19, 2025, to which no response is required.  To the extent a response is deemed required, ED admits that it sent an email dated August 19, 2025, to the FOIA requester stating that the Second Response was still being processed, and otherwise respectfully refers the Court to the referenced email for a complete and accurate statement of its contents.

29.     Admits that ED had not made a determination regarding the Second Request as of the filing of the complaint in this matter, but avers that ED's search for records potentially responsive to the Second Request is ongoing.

30.     Paragraph 30 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant admits that ED had not made a determination regarding the Second Request as of the filing of the complaint in this matter.

31.     Paragraph 31 consists of Plaintiff's characterization of the third of the four FOIA requests at issue in this action and the second of three FOIA requests submitted by Plaintiff to ED on July 22, 2025 ("Third Request"), to which no response is required.  To the extent a response is deemed required, Defendant admits Plaintiff submitted the Third Request to ED, and otherwise respectfully refers the Court to the Third Request for a complete and accurate statement of its contents.

32.     Paragraph 32 consists of Plaintiff's characterization of the Third Request, to which no response is required.  To the extent a response is deemed required, Defendant admits

Plaintiff requested a fee waiver as part of the Third Request, and otherwise respectfully refers the Court to the Third Request for a complete and accurate statement of its contents.

33.    Paragraph 33 consists of legal conclusions, to which no response is required.

34.    Paragraph 34 consists of Plaintiff's characterization of ED's letter dated July 23, 2025, acknowledging receipt of the Third Request, to which no response is required.  To the extent a response is deemed required, ED admits that it sent a letter dated July 23, 2025, to the FOIA requester acknowledging receipt of the Third Request and assigning it number 25-04455-F, and respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents.

35.    Paragraph 35 consists of Plaintiff's characterization of ED's email regarding the Third Request dated August 19, 2025, to which no response is required.  To the extent a response is deemed required, ED admits that it sent an email dated August 19, 2025, to the FOIA requester stating that the Third Response was still being processed, and otherwise respectfully refers the Court to the referenced email for a complete and accurate statement of its contents.

36.    Admits that ED had not made a determination regarding the Third Request as of the filing of the complaint in this matter, but avers that ED's search for records potentially responsive to the Third Request is ongoing.

37.    Paragraph 37 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant admits that ED had not made a determination regarding the Third Request as of the filing of the complaint in this matter.

38.    Paragraph 38 consists of Plaintiff's characterization of the fourth of the four FOIA requests at issue in this action and the third of three FOIA requests submitted by Plaintiff to ED on July 22, 2025 ("Fourth Request"), to which no response is required.  To the extent a response

7

is deemed required, Defendant admits Plaintiff submitted the Fourth Request to ED, and otherwise respectfully refers the Court to the Fourth Request for a complete and accurate statement of its contents.

39.    Paragraph 39 consists of Plaintiff's characterization of the Fourth Request, to which no response is required.  To the extent a response is deemed required, Defendant admits Plaintiff requested a fee waiver as part of the Fourth Request, and otherwise respectfully refers the Court to the Fourth Request for a complete and accurate statement of its contents.

40.    Paragraph 40 consists of legal conclusions, to which no response is required.

41.    Paragraph 41 consists of Plaintiff's characterization of ED's letter dated July 23, 2025, acknowledging receipt of the Fourth Request, to which no response is required.  To the extent a response is deemed required, ED admits that it sent a letter dated July 23, 2025, to the FOIA requester acknowledging receipt of the Fourth Request and assigning it number 25-04453-F, and respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents.

42.    Paragraph 42 consists of Plaintiff's characterization of ED's email regarding the Fourth Request dated August 19, 2025, to which no response is required.  To the extent a response is deemed required, ED admits that it sent an email dated August 19, 2025, to the FOIA requester stating that the Fourth Request was still being processed, and otherwise respectfully refers the Court to the referenced email for a complete and accurate statement of its contents.

43.    Admits that ED had not made a determination regarding the Fourth Request as of the filing of the complaint in this matter, but avers that ED's search for records potentially responsive to the Fourth Request is ongoing.

44.     Paragraph 44 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant admits that ED had not made a determination regarding the Fourth Request as of the filing of the complaint in this matter.

45.     Defendant repeats and incorporates by reference each response in the foregoing paragraphs as though fully set forth herein.

46.     Paragraph 46 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, ED admits that it is a federal agency and that Plaintiff submitted the FOIA Requests seeking records from ED.

47.     Paragraph 47 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

48.     Paragraph 48 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

49.     Paragraph 49 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

50.     Paragraph 50 consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

51.     Paragraph 51 consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

52.     The portion of the complaint titled "Prayer for Relief," consisting of paragraphs labeled A through G, contains Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief it seeks or to any relief.

9

## DEFENSES

### FIRST DEFENSE

Some or all of the requested records or information may be exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent they exceed the relief authorized under FOIA, 5 U.S.C. § 552.

### THIRD DEFENSE

Plaintiff has not established eligibility for or entitlement to attorney fees or litigation costs under 5 U.S.C. § 552(a)(4)(E).

Defendant may have additional defenses which are not known at this time, but which may become known through further proceedings. Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendant respectfully requests that the Court (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated:      April 1, 2026
            New York, New York

                                        Respectfully submitted,

                                        JAY CLAYTON
                                        United States Attorney for the
                                        Southern District of New York

                            By:     /s/ Samuel Dolinger
                                        SAMUEL DOLINGER
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel.: (212) 637-2677
                                        samuel.dolinger@usdoj.gov